IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMIBA DIVISION

| | |
|---|---|
| State of South Carolina, ) | C/A No.: 3:14-1371-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| James Thomas McBride, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant James Thomas McBride filed a notice of removal which purports to remove criminal prosecution 2013-GS-32-6035 from the Lexington County Court of General Sessions. [Entry #1 at 1]. After review of the pleadings, the undersigned finds that this case should be remanded because the court lacks subject matter jurisdiction.

I.  Factual Background

The criminal case cited by Defendant for removal, 2013-GS-32-6035, corresponds to an arrest warrant and a pending criminal charge for the offense of "Impersonating/Assert authority to intimidate or hinder official by threat, harassment, etc." [Entry #1-1 at 62–63]; *see also* Lexington County Public Index, http://cms.lex-co.com/SCJDWeb/PublicIndex/PISearch.aspx (last visited Apr. 28, 2014).[1] Defendant also attaches to the notice of removal an arrest warrant for "Conspiracy/Criminal

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

Conspiracy," which corresponds to another pending criminal case in Lexington County, 2013-GS-32-6034. *Id.*

Defendant asserts that Plaintiff "is a legal fiction municipal corporation subject to the constitution of the United States," operating "in excess of granted power and authority and misappropriation of [Defendant's] good faith and credit which is the breach of said contract between the United States and the State of South Carolina which is adversely affecting James Thomas McBride, the Real Party in Interest and harmed party establishing subject matter jurisdiction in the matter at hand." [Entry #1 at 2]. Defendant further claims the "U.S. Attorney General failed to certify the Constitutionality of the Plaintiff, State of South Carolina, establishing in fact that the Plaintiff is a municipal corporation masquerading as a government and operating in excess of the power and authority granted by its creators, man, and man's law as set forth in their founding documents and NOT the guaranteed republican form of government." *Id.* at 3. Thus, Defendant seeks to remove his criminal cases to this court.

II.     Discussion

    A.     Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.). There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.,* 783

F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

B.   Analysis

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a civil case to a federal district court, if the state court action could have been originally filed there. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, *Mulcahey v. Columbia Organic Chemicals. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that, when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008); *Mulcahey*, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

Defendant seeks to remove his pending criminal cases from the Lexington County Court of General Sessions [Entry # 1 at 1; Entry #1-1 at 62–63]. This court does not have original jurisdiction over such actions pursuant to 28 U.S.C. § 1441 because they are not civil cases. Further, in the context of criminal prosecutions, this court lacks subject matter jurisdiction except in certain narrow circumstances permitted by 28 U.S.C. §§ 1442, 1442a, and 1443. *See South Carolina v. Guidetti*, C/A No. 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C. Dec. 20, 2011), *adopted by* 2012 WL 78793 (D.S.C. Jan. 10, 2012); *North Carolina v. Ledgester*, No. 4:11-MJ-1082, 2011 WL 2559792, at *1 (E.D.N.C. June 28, 2011). To qualify for removal pursuant to § 1442, a defendant must establish several elements, including that he is an officer of the United States or a person acting under an officer of the United States. *Bald Head Ass'n v. Curnin*, No. 7:09-

4

CV173-F, 2010 WL 1904268, at *3–5 (E.D.N.C. May 10, 2010), *dismissed in part and aff'd in part*, No. 10-1655, 2011 WL 1936083 (4th Cir. May 20, 2011).  Removal under § 1442a requires a defendant to show, among other things, that he is a member of the armed forces of the United States.  28 U.S.C. § 1442a.   Under § 1443, a defendant must allege the denial of a right which "arises under a federal law that provides for specific civil rights stated in terms of racial equality . . . ." *Bald Head Ass'n*, 2010 WL 1904268, at *5 (internal quotation marks and citation omitted).

Defendant's notice of removal does not allege that he is an officer of the United States, a person acting under such an officer, or a member of the armed forces of the United States as required for removal under §§ 1442, 1442a.  Further, Defendant provides no factual allegations to demonstrate that his rights to racial equality have been violated in relation to the state criminal court proceedings. 28 U.S.C. § 1443; *see also North Carolina v. El-Bey*, No. 5:10-CV-246-FL, 2010 WL 3860392, at *2 (E.D.N.C. Sept. 28, 2010) (remanding state court speeding case for lack of jurisdiction under § 1443). Because Defendant fails to establish this court's subject matter jurisdiction over the state criminal cases he seeks to remove, this matter should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge remand this matter to state court.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 29, 2014                                     Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).